OPINION
{¶ 1} Defendant Cincinnati Insurance Company appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, on its claim for uninsured/underinsured motorist coverage under business liability policies issued by Cincinnati Insurance to Suarez Corporation Industries. Appellant assigns four errors to the trial court:
 {¶ 2} "The trial court erred in concluding that plaintiffs-appellees sustained their burden of proof concerning the applicable um endorsement governing the insurance relationship between cic and suarez corporation at the time of Susan Rosenberry's accident.
 {¶ 3} "The trial court erred in concluding, as a matter of law, that plaintiffs were insureds entitled to um coverage under the 12/98 endorsement of the cgl policy issued by cic to suarez corporation.
 {¶ 4} "The trial court erred in determining that the rejection in this case fails to satisfy the requirements of Linko v. indemnity ins.Co. (2000), 90 OHIO St.3d 445.
 {¶ 5} "The trial court erred in concluding that plaintiff's sustained their burden of proving that suarez corporation exercised its option to include susan rosenberry as an additional insured under the cic excess policy."
 {¶ 6} In its judgment entry of June 21, 2002, the trial court outlined the facts from which this action arose. On September 18, 2000, Susan Rosenberry was involved in an automobile accident. At the time of the accident, Susan Rosenberry was an employee of David Steins, M.D. At the time of the accident, Susan Rosenberry was driving a vehicle owned by her husband, Thomas Rosenberry. Dr. Steins was insured by Westfield Insurance Company under a business owners package policy with one million dollar limits.
 {¶ 7} At the time of accident, Thomas Rosenberry was employed by Suarez Corporation Industries. Suarez Corporation Industries was insured by Cincinnati Insurance Company under a commercial auto policy with limits of $500,000, and an umbrella policy with limits of 5 million dollars. The effective date of the policy was December 5, 1998, and the policy term was from December 5, 1999, through December 5, 2001.
 {¶ 8} The business automobile coverage part of the Cincinnati policy contains two uninsured motorist endorsements: Endorsement CA31 17 03 95, which was a part of the original policy, and Endorsement AA4065 0H 08 99, which was issued by Cincinnati on December 5, 1999. The Rosenberrys argued the 1998 endorsement is the effective endorsement, while Cincinnati argues the endorsement of the December 5, 1999, is the appropriate one.
 {¶ 9} The trial court found the period of coverage specified in the contract was for three years. In order for the endorsement of December 5, 1999, to be effective, the court found both parties to the contract must have agreed to it. The court found no evidence the Suarez Corporation accepted the new endorsement and concluded the original 1998 endorsement was the controlling endorsement.
 {¶ 10} The court further found the language in the 1998 endorsement is identical to that in the case of Scott-Pontzer v. LibertyMutual Fire Insurance Company, 85 Ohio St.3d 660, 1999-Ohio-292,710 N.E.2d 1116. The court found it was appropriate to interpret the term "you" as used in the uninsured motorist endorsement in the same manner the Supreme Court did in Scott-Pontzer. The court found coverage was provided to the employees of Suarez Company and to the family members of the employees, unless otherwise excluded by the policy.
 {¶ 11} Cincinnati argued the policy contained an "other owned auto" exclusion which prohibited recovery in this case. The trial court found the "other owned auto" exclusion does not preclude coverage because the automobile was a covered auto.
 {¶ 12} The trial court found the excess umbrella policy provided automobile liability coverage to Suarez Corporation, and as such, an offer of UM/UIM coverage was required pursuant to R.C. 3937.18. Cincinnati Insurance argued coverage was not available because Suarez had executed a valid rejection of such coverage pursuant to H.B. 261. The trial court found the rejection was ineffective pursuant to Linko v.Indemnity Insurance Company of North America, 90 Ohio St.3d 445,2000-Ohio-92, 739 N.E.2d 338.
 {¶ 13} The trial court concluded both Susan and Thomas Rosenberry were entitled to UM/UIM coverage by operation of law under the umbrella policy.
 {¶ 14} The court found the Westfield policy which insured Susan Rosenberry's employer, Dr. Steins, was not a motor vehicle policy and therefore Westfield was not required to offer UM/UIM coverage. The Rosenberrys did not appeal this decision, and Westfield is not a party to this appeal.
 I {¶ 15} In its first assignment of error, Cincinnati argues appellees did not sustain their burden of proof concerning which UM/UIM endorsement governed the relationship between Cincinnati and Suarez Corporation at the time of the accident. Specifically, Cincinnati argues appellees did not come forward with any evidence demonstrating the later endorsement had not been accepted by Suarez. For this reason, Cincinnati urges the trial court incorrectly utilized the endorsement of 12/98, and should have used the 12/99 endorsement.
 {¶ 16} Initially, Cincinnati argues the language of the policy permits it to make changes in the terms of the policy. Appellees carried the burden of demonstrating which endorsement controlled as a part of their motion for summary judgment.
 {¶ 17} Appellees relied on the Supreme Court's opinion in Wolfev. Wolfe, 88 Ohio St.3d 246, 2000-Ohio-322, 725 N.E.2d 261. In Wolfe, the Supreme Court held Ohio law requires every automobile liability insurance policy issued in Ohio to have, at a minimum, a guaranteed two year policy period during which the policy cannot be altered except by agreement of the parties and in accord with the Revised Code, syllabus by the court, paragraph one.
 {¶ 18} Appellees argue Cincinnati never raised the issue of who carried the burden of proof in the trial court. We find, however, appellees carried the burden of coming forth with evidence on each material element of its claim.
 {¶ 19} Nevertheless, appellees were entitled to reference the 1998 endorsement, and argue that Wolfe, supra, compelled the court to enforce it.
 {¶ 20} Cincinnati filed a cross-motion for a summary judgment. In its motion for summary judgment, it also had the burden of coming forward with evidence the Suarez Corporation accepted the 1999 endorsement. It does not appear from the record, Cincinnati did so, except to point to the policy language which authorized it to make unilateral changes.
 {¶ 21} We find this clause conflicts with the Supreme Court mandate in Wolfe, and with the provisions of the Revised Code. Accordingly, we find it is unenforceable in this case, and insufficient to demonstrate Suarez did not have to consent to the change in the terms.
 {¶ 22} In Wolfe, the Supreme Court outlined a simple method by which courts can determine which endorsement applies. First, we must look to the original issuance date of the automobile liability insurance policy, and then count successive two-year policy periods from that date,Wolfe at 251, citations deleted.
 {¶ 23} We find the trial court correctly determined the endorsement of December 5, 1998, was the endorsement in effect at the time of the accident.
 {¶ 24} The first assignment of error is overruled.
 II {¶ 25} In its second assignment of error, Cincinnati argues if the trial court correctly applied the appropriate endorsement, it was nevertheless in error when the court found appellees were insured under the policy.
 {¶ 26} As the trial court pointed out in its November 15, 2002, judgment entry, the parties entered into a joint stipulation that Thomas Rosenberry was employed at Suarez. Thereafter, Cincinnati asked the trial court to find Thomas Rosenberry was not an employee at the time of the accident. Cincinnati presented evidence to the trial court that Thomas Rosenberry was on disability leave at the time of the accident. Suarez Corporation could not exercise requisite control over Mr. Rosenberry at the time of the accident, and Rosenberry did not have capacity to act on behalf of the company. Because the critical element of control is lacking, Cincinnati argues Rosenberry was not an employee of Suarez at the time of the accident.
 {¶ 27} The trial court rejected these arguments, finding the parties were bound by the joint stipulation. Appellees point out Thomas Rosenberry was on disability leave because of complications from diabetes, and expected to return to full-time employment at Suarez. Appellees also point out the insurance policy does not define the "employee" anywhere in its policy.
 {¶ 28} We find the trial court correctly found the stipulations between the parties controls. Additionally, we find Cincinnati's argument that an employee who is on disability leave is not an employee is unconvincing.
 {¶ 29} Even if Thomas Rosenberry is considered an employee, Cincinnati urges the trial court was incorrect when it found the "other owned auto" exclusion did not apply in this case.
 {¶ 30} The exclusion states the insurance does not apply to bodily injuries sustained by a named insured while the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative, named insured, if the motor vehicle was not specifically identified in the policy under which the claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy under which the uninsured and underinsured motorist coverage are provided. Cincinnati argues Susan Rosenberry sustained bodily injury while she was operating a motor vehicle owned by Thomas Rosenberry and the motor vehicle was not specifically identified in the policy under which a claim is made. Cincinnati concludes UM/UIM policy was not available to Susan and Thomas Rosenberry under these circumstances.
 {¶ 31} The version of R.C. 3937.18 applicable to the policy at the time in question is commonly referred to as H.B. 261. In H.B. 261, insurance companies are permitted to include other-owned-auto exclusions like the one at bar. In Bergmeyer v. Auto Owners Insurance Company, Stark App. No. 2002-CA-00228, 2003-Ohio-133, this court found similar language valid and enforceable.
 {¶ 32} The issue here must focus on two concepts, the use of the phrase "named insured" versus "insured" and the meaning of the term "covered auto."
 {¶ 33} The trial court held Thomas Rosenberry, the owner of the auto Susan Rosenberry was driving, is an insured by virtue of the holding in Scott-Pontzer, supra. The trial court concluded Susan Rosenberry was driving a "covered auto" and the other owned auto exclusion does not bar her recovery.
 {¶ 34} In United Ohio Co., v. Bird (May 18, 2001), Delaware App. No. 00CA31, this court found the word "you" must be applied consistently throughout the policy. Under Scott-Pontzer, if "you" includes employees as well as the corporation in the definitions section, "you" must mean both throughout the policy.
 {¶ 35} The trial court correctly found Thomas Rosenberry was an insured. However, the trial court missed the final step of the analysis.
 {¶ 36} In Miller v. Grange Mutual Insurance Co., Stark App. No. 2002CA00058, 2002-Ohio-5763, we found an enforcible distinction between "autos you own" and "specifically identified" autos.
 {¶ 37} Even though Thomas Rosenberry, an insured person, owned the auto in question, it was not specifically identified in the policy as a covered auto. Thus, the exclusion validly excludes Susan Rosenberry from coverage when she occupied that particular vehicle.
 {¶ 38} We find the trial court erred in finding coverage.
 {¶ 39} The second assignment of error is sustained.
 III {¶ 40} In its third assignment of error, appellant argues the trial court wrongly determined it failed to comply with the Supreme Court's mandate in Linko v. Indemnity Insurance Co., 90 Ohio St.3d 445,2000-Ohio-92, 739 N.E.2d 338.
 {¶ 41} The trial court correctly found the excess umbrella policy provided automobile liability coverage to Suarez. Pursuant to R.C. 3937.18, Cincinnati was required to offer UM/UIM coverage. The court correctly found coverage arises as a matter of law if there has been no valid rejection of such coverage under H.B. 261.
 {¶ 42} In Kemper v. Michigan Millers Mutual Insurance Company,98 Ohio St.3d 162, 2002-7101, the Supreme Court held the requirements originally set forth in its decision in Linko v. Indemnity InsuranceCompany of North America, 90 Ohio St.3d 445, 2000-Ohio-92, 739, N.E.2d 338, still apply. Thus, a valid offer for UM/UIM coverage must: (1) Inform the insured of availability of UM/UIM motorist coverage; (2) Set forth the premium for the coverage; (3) Include a brief description of coverage; (4) Expressly state the UM/UIM coverage limits. If this offer is not made in writing, there can be no valid and enforceable rejection.
 {¶ 43} The record does not contain a valid Linko offer and rejection. Nevertheless, guided by the Supreme Court's Scott-Pontzer
opinion, we find the starting point of any analysis must first be whether there is coverage. Because we find the policy excluded this accident, we find the Linko violation irrelevant to our analysis.
 {¶ 44} The third assignment of error is overruled.
 IV {¶ 45} Finally, Cincinnati argues the trial court erred in finding Susan Rosenberry was covered under the excess policy.
 {¶ 46} The policy language states:
 {¶ 47} " 2. Each of the following is an insured:
 {¶ 48} (f) At your option and subject to the terms of the coverage of this insurance, any additional insured covered in the underlying listed in the Schedule of Underlying Policies, but only to the extent that insurance is provided for such additional insureds thereunder."
 {¶ 49} Cincinnati argues there is no evidence in the record Suarez exercised its option to include any additional insureds.
 {¶ 50} The trial court found coverage under the underlying business auto policy, and concluded there was also coverage under the umbrella policy.
 {¶ 51} We have found, supra, no coverage under the underlying policy, and for this reason, Susan Rosenberry is not entitled to coverage under the excess/umbrella policy.
 {¶ 52} The fourth assignment of error is sustained.
 {¶ 53} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed.
By Gwin, P.J., Wise, J., and Boggins, J., concur